IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DONALD PERRY,

    Plaintiff,

v.                                              CASE NO. 4:11-cv-105-RH-GRJ

KAREN ROBERTS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Donald Perry, Florida Department of Corrections (DOC) inmate number 050031, initiated this case by filing a *pro se* civil rights complaint pursuant to 42 U.S.C § 1983, and seeks leave to proceed as a pauper (Docs. 1 and 2). The allegations of the complaint are difficult to construe, but it appears that Plaintiff contends that he has been denied access to court and that he has been subject to administrative discipline for filing court cases. The named defendants include prison officials at the DOC's Reception and Medical Center in Lake Butler, Florida, where Plaintiff is incarcerated, as well as Leon and Duval County Circuit judges and a clerk of court. Doc. 1.

A review of Plaintiff's previous federal cases establishes that he is subject to the three-strikes bar of 28 U.S.C. § 1915(g), having had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[1] Accordingly, Plaintiff is barred from

---

[1] *See, e.g., Perry v. Madan*, Case No. 3:03-cv-721 (M.D. Fla. 8/29/03) (imposing three-strikes bar and citing previous strikes incurred by Plaintiff). The Court has

proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Even liberally construed, the Complaint makes no allegation that Plaintiff is under imminent danger of serious physical injury. Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir.2002).

Accordingly, in light of the foregoing, it is respectfully **RECOMMENDED**:

1. That pursuant to 28 U.S.C § 1915(g), this case be **DISMISSED WITHOUT PREJUDICE**.

2. That all pending motions be **DENIED as moot.**

**IN CHAMBERS** this 12th day of April 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

independently confirmed Plaintiff's strikes.

*Case No: 4:11-cv-105-RH-GRJ*